IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE J. HANCOCK, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | NO. 13 C 4045 |
| RITEWAY-HUGGINS CONSTRUCTION ) | |
| SERVICES, INC., an Illinois corporation, ) | JUDGE JOAN B. GOTTSCHALL |
| ) | |
| Defendant. ) | |

### PLAINTIFFS' MOTION TO REOPEN CASE FOR THE LIMITED PURPOSE OF ENFORCING THE TERMS OF THE CONSENT DECREE AND ENTERING JUDGMENT AGAINST DEFENDANT

NOW COME Plaintiffs, TERRENCE J. HANCOCK, *et al.*, by their attorneys, and move the Court for the entry of an order reopening this action for the limited purpose of enforcing the terms of the Consent Decree entered by this Court on May 23, 2015. In support of this Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans, Health and Welfare Fund of the Excavating, Grading and Asphalt Craft Local No. 731 and Local 731, I.B. of T., Excavators and Pavers Pension Trust Fund, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with the I.B. of T. Local 731, and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on its

behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On May 22, 2015, this Court dismissed this cause of action pursuant to the parties' settlement.

3. On May 23, 2015, a Consent Decree incorporating the terms for settlement agreed to by the parties was entered by this Court (a copy of the Consent Decree is attached hereto).

4. Defendant agreed that it owed the total amount of $112,776.36 for contributions, liquidated damages, interest and attorneys' fees for the time periods January 1, 2012 through June 30, 2014 (audited period) and July 1, 2014 through November 30, 2014 (unaudited period) as described in Paragraph 3 of the Consent Decree.

5. Defendant also agreed that it was obligated to submit its monthly contribution reports and fringe benefit contributions due during the term of the payment plan.

6. Defendant agreed to make payment to Plaintiffs of the amount specified in Paragraph 3, being $112,776.36, by way of equal monthly payments over 24 months or a monthly payment of $4,699.02.

7. The Consent Decree provides that in the event Defendant fails to make any payments described in the Consent Decree, including the obligation to remain current in its reporting obligations during the duration of the Consent Decree, the Defendant will be considered in violation of the Consent Decree. In such an event, the Defendant consents to the entry of judgment against it and in favor of the Plaintiff Funds for all amounts unpaid under Paragraph 3, an additional 10% liquidated damages that were waived, all contributions interest, and liquidated damages that may become due during the time frame of the payment schedule above, and any and all attorneys' fees

and costs incurred to date, including costs and fees incurred in bringing a motion to enforce the Consent Decree.

8. On July 14, 2016, Plaintiffs' counsel sent an e-mail to Defendant's counsel regarding the failure of the Defendant to abide by the terms of the Consent Decree. Specifically, Defendant did not submit any monthly installments since December 2015. Plaintiffs' counsel further advised that as of July 15, 2016, Defendant owed eight (8) installments of $4,699.02 each, for a total of $37,592.16. Finally, Plaintiffs's counsel advised Defendant's counsel that Defendant had 10 days to cure its breach of the terms of the Consent Decree.

9. Defendant has not cured its breach as it has not submitted any installment payments due pursuant to the terms of the Consent Decree from December 2015 forward, as described in Paragraph 7 above.

10. For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Consent Decree and entering judgment against the Defendant. Specifically, Plaintiffs request:

A. That judgment be entered in favor of Plaintiffs and against Defendant to include the amount of $84,582.24, being the total amount remaining due for contributions, liquidated damages, interest and attorneys' fees for the time periods January 1, 2012 through June 30, 2014 and July 1, 2014 through November 30, 2014.

B. That judgment be entered in favor of Plaintiffs and against Defendant to include the amount of $6,215.21, being the additional 10% liquidated damages there were previously waived.

C. That judgment be entered in favor of Plaintiffs and against Defendant to include the amount of $4,387.75 in attorneys' fees incurred by the Plaintiffs, including the preparation and presentment of the instant Motion to Reopen.

D. That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/   Laura M. Finnegan

Laura M. Finnegan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6204026
Telephone: (312) 216-2563
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\731exc\Rite-Way\#24498\motion-reopen.lmf.df.wpd

# CERTIFICATE OF SERVICE

      The undersigned, an attorney of record, hereby certifies that on or before the hour of <u>5:00 p.m.</u>, this <u>10th</u> day of <u>August 2016</u>, she electronically filed the foregoing document (Plaintiffs' Motion to Reopen Case) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

                      Mr. James X. Bormes
                      Ms. Catherine P Sons
                      Law Office of James X. Bormes, P.C.
                      8 S. Michigan, Suite 2600
                      Chicago, IL  60603
                      jxbormes@bormeslaw.com
                      cpsons@bormeslaw.com

                      /s/   Laura M. Finnegan

Laura M. Finnegan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6204026
Telephone: (312) 216-2563
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\731exc\Rite-Way\#24498\motion-reopen.lmf.df.wpd